RECEIVED
IN ALEXANDRIA, LA.
APR 20 2011
TONY R. MOORE, CLERK
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE KANSAS CITY SOUTHERN ) <br> RAILWAY CO., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 1:07CV1793 <br><br> JUDGE DEE DRELL <br><br> MAGISTRATE JUDGE KIRK |

## AGREEMENT AND ORDER REGARDING MODIFICATION OF THE CONSENT DECREE

A. On January 14, 2008, this Court entered a Consent Decree in the above-captioned matter.

B. The Consent Decree required the Settling Defendant to clean up the Site to levels suitable for industrial use, through excavation and offsite disposal. While performing the remedial work, however, the Settling Defendant was able to clean up the Site to levels appropriate for unrestricted use, including recreational and residential use. Although Settling Defendant has performed cleanup work which now allows unrestricted use of the Site, the corresponding changes to the Consent Decree have not been made.

C. The Settling Defendant began remedial action in February 2008 and completed most remedial activities by August 2009. While performing Site remedial activities, Defendant determined that it could remediate contamination to levels well below the established cleanup levels, which would benefit the City of Alexandria or other future owners or users of the property. Defendant remediated the Site to levels consistent with unlimited use and unrestricted exposure scenarios, which include recreational or residential use. Defendant and the City of

Alexandria have coordinated regarding future use of the Site, with the Defendant agreeing to the transfer of thirty (30) adjacent acres of property to the City, subject to final approval by the City and the Defendant.

D. The new cleanup levels attained were documented by EPA in an Explanation of Significant Differences issued on November 9, 2009 ("2009 ESD"). As stated therein, "[b]ecause the Site is available for unlimited use and unrestricted exposure, institutional controls, operation and maintenance, and five year reviews are no longer required or necessary to ensure protection of human health and the environment." 2009 ESD at 13.

E. Pursuant to Section XXXI (Modification) of the Consent Decree, the Parties now jointly seek to modify the Consent Decree to reflect the change in the Work documented by the 2009 ESD, and to harmonize the Consent Decree with the history of the response actions at the Site. Appropriate changes agreed to by the Parties are proposed in this Agreement and Order Regarding Modification of the Consent Decree.

F. Paragraph 112 of the Consent Decree provides that "no material modifications shall be made to the [Statement of Work] without written notification to and written approval of the United States, Settling Defendant, and the Court, if such modifications fundamentally alter the basic features of the selected remedy within the meaning of 40 C.F.R. § 300.435(c)(2)(B)(ii)."

G. The Assistant Attorney General on behalf of the United States and the undersigned representatives of the Settling Defendant certify that they are fully authorized to enter into the terms and conditions of this Agreement and Order Regarding Modification of the Consent Decree and to execute and legally bind such party to this document.

Agreement and Order Regarding Modification of the Consent Decree
DB02/757178.0004/8786574.1

- 2 -

U.S. v. The Kansas City Southern Railway Co.,
No. 1:07CV1793 (W.D. La.)

By the signatures of their representatives to this document, the Parties to the 2008 Consent Decree hereby approve the modifications set forth below.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The following new paragraph shall be added at the end of Section I, BACKGROUND: "Q. On September 29, 2009, EPA, in coordination with LDEQ, issued a Certificate of Completion of the Remedial Action and Completion of Work for the Ruston Foundry Site. Because the remedial action resulted in the site being available for unlimited use and unrestricted exposure, EPA documented these activities in an Explanation of Significant Differences, issued November 9, 2009, that removed the requirements for operation and maintenance, certain institutional controls, and five-year reviews. EPA reserves the right to seek payment of unrecovered response costs pursuant to Section XVI, PAYMENT FOR RESPONSE COSTS."

2. The definition of "Consent Decree" found in Section IV, DEFINITIONS, is hereby deleted, and replaced by the following definition: ""Consent Decree" or "Decree" shall mean the original Consent Decree (entered January 14, 2008), as modified by any Court-approved amendments or modifications, and all appendices attached to the original Consent Decree as modified by any Court-approved amendments or modifications. In the event of conflict between the original Decree, as modified by any Court-approved amendments or modifications, and any appendix, the Decree, as modified, shall control."

3. The definition of "Record of Decision" found in Section IV, DEFINITIONS, is hereby deleted and replaced with the following definition: ""Record of Decision" or "ROD" shall mean the EPA Record of Decision relating to the Ruston Foundry Superfund Site signed on June 24, 2002, by the Regional Administrator, EPA Region 6 or his/her delegate and all attachments

Agreement and Order Regarding Modification of the Consent Decree
DB02/757178.0004/8786574.1

- 3 -

U.S. v. The Kansas City Southern Railway Co.,
No. 1:07CV1793 (W.D. La.)

thereto, as amended by (a) the September 28, 2004 Explanation of Significant Differences ("2004 ESD"); (b) the January 2, 2008 Explanation of Significant Differences documenting implementation of the contingency remedy as set forth in Section VI (Description of Significant Differences) of the 2004 ESD (<u>Contingency Remedy</u> on page nine of twenty-nine of the 2004 ESD); and (c) the November 9, 2009 Explanation of Significant Differences. The ROD is attached as Appendix A."

4. The definition of "Explanation of Significant Differences" or "ESD" found in Section IV, <u>DEFINITIONS</u>, is hereby deleted and replaced with the following definition: "Explanation of Significant Differences" or "ESD" shall mean one or more of the EPA Explanation of Significant Differences relating to the Site, which were signed (a) September 28, 2004 Explanation of Significant Differences ("2004 ESD"); (b) January 2, 2008 Explanation of Significant Differences documenting implementation of the contingency remedy as set forth in Section VI (Description of Significant Differences) of the 2004 ESD (<u>Contingency Remedy</u> on page nine of twenty-nine of the 2004 ESD); and (c) November 9, 2009 Explanation of Significant Differences. The ESDs are attached as Appendix B."

5. Appendix B is hereby amended by the addition of two additional documents, namely: (1) the January 2, 2008 Explanation of Significant Differences; and (2) the November 9, 2009 Explanation of Significant Differences. Both of these documents are provided as Attachment 1 to this Agreement and Order Regarding Modification of the Consent Decree.

6. Paragraph 12 of Section VI, <u>PERFORMANCE OF THE WORK BY SETTLING DEFENDANT</u>, is hereby deleted and replaced with the following text:

   "12. The Settling Defendant shall continue to implement the Remedial Action until the Performance Standards are achieved and for so long thereafter as

is required under this Consent Decree. Pursuant to the Explanation of Significant Differences issued by EPA on November 9, 2009, as of that date, the Settling Defendant has achieved the Performance Standards and long-term operations and maintenance (O&M) at the Site is not required."

7. Paragraph 16 of Section VII, <u>REMEDY REVIEW</u>, is hereby deleted and replaced with the following text:

"16. [Intentionally left blank]"

8. Paragraph 25, subsection b, of Section IX, <u>ACCESS AND INSTITUTIONAL CONTROLS</u>, is hereby deleted and replaced with the following text:

"b. [Intentionally left blank]"

9. All provisions of the Consent Decree unaffected by these modifications shall operate in conjunction with these new provisions in the same manner and to the same extent as did the substituted language in the original Consent Decree.

10. Except as specifically provided in this Joint Stipulation, the Parties intend that all other terms and conditions of the Consent Decree will remain unchanged and in full effect.

11. The Defendant reserves any rights it may have to seek future modification or termination of the Consent Decree under the Consent Decree or other applicable law, including the Federal Rules of Civil Procedure.

12. This Agreement and Order Regarding Modification of the Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Department of Justice policy and described at 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if comments by the public regarding the Agreement and Order Regarding Modification of the Consent Decree disclose facts

Agreement and Order Regarding Modification of the Consent Decree
DB02/757178.0004/8786574.1

- 5 -

<u>U.S. v. The Kansas City Southern Railway Co.</u>,
No. 1:07CV1793 (W.D. La.)

or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. This Paragraph does not create any rights exercisable by the Settling Defendant.

SO ORDERED THIS 19th DAY OF April, 2011 AT ALEXANDRIA, LA

_____
THE HONORABLE DEE DRELL
U.S. DISTRICT JUDGE

THE UNDERSIGNED PARTY enters into this <u>Agreement and Order Regarding Modification of the Consent Decree</u>, in the Matter of <u>United States v. The Kansas City Southern Railway Company</u>, relating to the Ruston Foundry Superfund Site:

**FOR THE UNITED STATES OF AMERICA:**

_____1/19/11_____
Date

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources
Division

_____/s/ Nicole Veilleux_____
NICOLE VEILLEUX
Environmental Enforcement Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-8746
nicole.veilleux@usdoj.gov

STEPHANIE A. FINLEY
United States Attorney
Western District of Louisiana

KATHERINE VINCENT
Assistant United States Attorney
Western District of Louisiana
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Phone: (318) 473-7440
Email: Katherine.Vincent@usdoj.gov

THE UNDERSIGNED PARTY enters into this <u>Agreement and Order Regarding Modification of the Consent Decree</u>, in the Matter of <u>United States v. The Kansas City Southern Railway Company</u>, relating to the Ruston Foundry Superfund Site:

<u>FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY</u>

28 December 2010
Date

SAMUEL COLEMAN, P.E.
Director, Superfund Division
U.S. Environmental Protection Agency
1445 Ross Avenue
Dallas, TX 75202

AMY SALINAS
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 6
1445 Ross Avenue
Dallas, TX 75202

Agreement and Order Regarding Modification of the Consent Decree

U.S. v. The Kansas City Southern Railway Co.,
No. 1:07CV1793 (W.D. La.)

- 8 -

THE UNDERSIGNED PARTY enters into this <u>Agreement and Order Regarding Modification of the Consent Decree</u>, in the Matter of <u>United States v. The Kansas City Southern Railway Company</u>, relating to the Ruston Foundry Superfund Site:

### FOR KANSAS CITY SOUTHERN RAILWAY COMPANY:

12/27/2010
Date

W. JAMES WOCHNER
Senior Vice President and Chief Legal Officer
The Kansas City Southern Railway Co.
427 West 12th Street
P.O. Box 219335
Kansas City, MO 64121-9335

<u>Agent Authorized to Accept Service on Behalf of The Kansas City Southern Railway Co.</u>:

Chester (Chet) Culley
General Director, Environmental-Hazmat
The Kansas City Southern Railway Co.
427 West 12th Street
P.O. Box 219335
Kansas City, MO 64121-9335
Telephone: 816/983-1343
Telefax: 816/983-1622
Email: cculley@kcsouthern.com

Attachment 1:

January 2, 2008 Explanation of Significant Differences

November 9, 2009 Explanation of Significant Differences